# UNITED STATES

*v.*

# VICTOR COLL Y CUCHI.

San Juan, Criminal, No. 603.

ON MOTION TO DIRECT A VERDICT FOR THE DEFENDANT.

Regulations of the Treasury Department.

    1. A regulation of the Treasury Department is not binding upon the court, but it may be very persuasive.

Opium Act of December 17, 1914.

    2. The exemption allowed under § 6 of the Opium Act of December 17, 1914, applies to what are ordinarily known as patent or proprietary medicines recognized by the American pharmacopœia and similar institutions.

United States v. Coll y Cuchi.

Judicial Notice—Medical Practice.

> 3. The court will take judicial notice of the ordinary course of medical practice by which medicine is obtained by a patient.

Opium Act of December 17, 1914—"Distribute"—"Dispense."

> 4. The words "distribute" and "dispense" in the Opium Act of December 17, 1914, apply as well to a physician as to a druggist.

Completed Offense.

> 5. When a physician has delivered the prescription to a patient the offense is complete.

Opinion filed November 16, 1915.

---

*Mr. Miles M. Martin,* United States attorney, for the plaintiff.

*Mr. Cayetano Coll y Cuchi* for the defendant.

HAMILTON, Judge, delivered the following opinion:

A motion is made at the close of the government's case to direct a verdict for the defendant, and two grounds are urged in favor of the motion. The first is that the evidence does not show what amount of heroin was contained in the ten tablets prescribed in one prescription, and the same argument, of course, would be made as to the other prescriptions; that the defendant, aside from the general presumption of innocence, is as to this point specially exempted by § 6 of the act, which allows a certain amount of heroin and these other preparations to be used under certain conditions. The other ground set up in the motion is that the law does not apply to a physician. That the word "distribute," for instance, or "dis-

pense," refers to one who hands the article itself to somebody else, which the doctor generally does not do, and in the case at bar it probably is not shown that he did. These are the two grounds set up in the motion.

1. As to the first, the exemption allowed under § 6 of this act, which reads as follows: "That the provisions of this act shall not be construed to apply to the sale, distribution, giving away, dispensing, or possession of preparations and remedies which do not contain more than two grains of opium, etc., provided that such remedies and preparations are sold, distributed, given away, dispensed or possessed as medicines and not for the purpose of evading the intentions and provisions of this act" [38 Stat. at L. 789, chap. 1] the regulations of the Treasury Department and other officials have construed this section as applying to what are ordinarily known as patent or proprietary medicines, those recognized by the American pharmacopœia and similar institutions. The question for the court to decide, therefore, would be whether that regulation is correct. A regulation of the Treasury Department is not binding upon the court. It may be very persuasive. In § 1 of the act it is provided: "That the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall make all needful rules and regulations for carrying the provisions of this act into effect." It seems to the court that this construction by the authorities is correct. Otherwise there could be very little meaning to the whole act. Section 6 would contain so many exceptions that it would be difficult to enforce the act at all. And the court adopts the ruling of the Internal Revenue authorities on that subject, that § 6 is to be considered as referring to patent and proprietary medicines, and not to

United States v. Coll y Cuchi.

cover any prescription that a doctor may put up himself. The motion is therefore overruled on that ground.

2. The second ground for the motion is that the act does not apply to physicians. It cannot be said that the words used are very apt in regard to a physician. It makes it unlawful for any person to produce, import, manufacture, deal in, dispense, sell, distribute or give away opium or coca leaves and certain other things, and the question for the court to decide is whether that applies to writing a prescription by a doctor. The court cannot be held to be ignorant of the ordinary course of business and of medical practice, the ordinary method of getting medicines. Any person when he is sick goes to a doctor, and the doctor writes out what he calls a prescription, and the person takes that prescription to a man, a druggist, who is operating another business, and that man makes up the medicine itself, which he turns over to the patient. That is the ordinary course of human affairs. It is, of course, known to the court as well as to anybody else, and it would be saying that the act is very limited in its application if we were to restrict it solely to the man who fills the prescription. Section 2 of the act indicates very strongly that dispensing applies to what the physician does under the circumstances. It makes an exception of certain things that shall be done, and classifies them as follows: "(a) To the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only: "provided that a certain record shall be kept." "(b) To the sale, dispensing, or distribution of any of the aforesaid drugs by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, or veterinary

United States v. Coll y Cuchi.

surgeon registered under this act," and then certain other things which would not now apply one way or the other. So that there is in the act itself a very distinct knowledge of this ordinary course of business, and it makes the words "dispense" and "distribute" apply to a physician as well as to a druggist. The Commissioner of Internal Revenue has adopted this as his view of the law. As stated before, that is not controlling on the court, although persuasive; but the provisions of § 2 themselves seem to leave no doubt on the subject that the act does apply to physicians as well as to druggists.

3. There is a further incidental question, whether it applies to a physician, unless it is shown that that prescription is filled and delivered over the counter. I do not understand that this is insisted upon, but if it were, it would seem to the court that it would not be necessary for that to be shown. The doctor has done all he can when he has given the prescription. He has set in motion, so far as he can do it, the offense which the statute is aimed at. This particular phase of the question, however, is not decided.

The motion is therefore refused.

The above ruling is made independently of any decision which may have been made in other courts, which have been presented in such a fragmentary way that I would rather decide the points independently.